1:09-cv-01085-MMM-JAG   # 210   Page 1 of 10
1:09-cv-01085-MMM-JAG   # 202   Page 1 of 10

E-FILED
Monday, 04 June, 2012 11:00:22 AM
Tuesday, 29 May, 2012 03:55:47 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MARGARET WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 09-1085 |
| ) | |
| MARY ELLEN BULLOCK, JILL FOSTER,) | |
| PETE WESSEL, THE CHILDREN'S ) | |
| HOME & AID SOCIETY, a not for profit ) | |
| corporation, CINDY PETTY, PETRONILO ) | |
| COSTA, M.D., and THE ILLINOIS ) | |
| DEPARTMENT OF CHILDREN AND ) | |
| FAMILY SERVICES, ) | |
| ) | |
| Defendants. ) | |

## PRE-TRIAL ORDER

This matter came before the Court at a pretrial conference held pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16.1. James P. Baker appeared on behalf of the Plaintiff, Margaret Wright ["Wright"]. Matthew Hammer and Deborah Barnes appeared on behalf of the Defendants, Mary Ellen Bullock ["Bullock"], Jill Foster ["Foster"], and the Illinois Department of Children and Family Services ["Department"]. Kenneth D. Seale appeared on behalf of the Defendant, Petronilo Costa, M.D. ["Costa"].

## STATEMENT OF JURISDICTION AND NATURE OF THE CLAIM

This action is maintained by Wright under the terms of 42 U.S.C. Section 1983 and the "Americans with Disabilities Act" ["ADA"] (42 U.S.C. 12100et.al.). The jurisdiction of this Court was invoked pursuant to the terms of Title 28, United States Code, Sections 1331 and 1334 together

with 42 U.S.C. Sections 1983, 1988, 2000e-5 and 12117(a). This is a civil action arising under the laws and Constitution of the United States. Specifically, this is an action brought in furtherance of a certain Acts of Congress: a) guaranteeing to citizens of the United States protections against the acts of public officers which infringe upon their rights under the Constitution; and b) protecting individuals who have real or perceived disabilities from the discriminatory actions of their employers. Wright also invokes the supplemental jurisdiction of this Court to consider state law claims arising out of the same set of operative facts as her federal claims.

The venue of this Court to entertain the issues raised in this case is appropriate by virtue of the terms of 28 U.S.C. Section 1291(b) since the claims giving rise to the above captioned proceeding did occur within the confines of the judicial district of this Court.

At all times relevant to this case Wright worked for the Department as a caseworker. In this case Wright claims that she was wrongfully compelled to undergo a psychiatric evaluation by her employer and thereafter disciplined when she resisted that directive.

Wright claims that Bullock and Foster, by virtue of their conduct with respect to the foregoing, improperly invaded a privacy interest protected by the Fourteenth Amendment to the Constitution [counts I and II of the second amended complaint]. Both Bullock and Foster deny engaging in any conduct which deprived Wright of a constitutionally protected right.

Wright also claims that Foster and Costa interfered with her expectancy of continued employment with the Department [counts VI and VIII of the second amended complaint]. Each of the Defendants deny that they interfered with Wright's employment. The Defendants deny knowledge that their conduct could interfere with Wright's employment.

Finally, Wright claims that the Department violated Section 12112(d)(4)(A) of the ADA by

requiring her to undergo a psychiatric evaluation which was not job related and consistent with business necessity and then disciplining Wright when she resisted its demand. The Department denies engaging in any conduct that violated Wright's rights under the ADA.

## STIPULATION OF UNCONTESTED FACTS

Appended to this order as Exhibit "A" is a stipulation previously entered into by the parties of uncontested facts.

## UNCONTESTED ISSUES OF LAW

1. At the time of the incidents giving rise to the above entitled cause both Bullock and Foster were acting under color of State law.

2. Wright timely initiated the above captioned civil proceeding as well as all administrative prerequisites for maintaining her claim under the ADA.

3. The Department is an employer within the meaning of that term in the ADA.

## CONTESTED ISSUES OF FACT

The following is a non-exclusive summary of the ultimate facts which are in dispute:

1. Whether the Department had evidence sufficient for a reasonable person to doubt whether Wright was capable of performing her job?[1]

2. Whether Bullock had evidence sufficient to recommend to the Department that the

---

[1] Wright submits that this issue turns upon whether the Department had a reasonable doubt that Wright could perform her job because of an emotional or psychiatric problem.

Department request the Wright participate in a fitness for duty evaluation?

3. Was Foster even aware that a fitness for duty evaluation of Wright was being prepared prior to June 1, 2007, the date Wright was notified of the evaluation? Did Foster recommend to Bullock or the Department that Wright participate in the fitness for duty evaluation? If so, did Foster have evidence sufficient to recommend that Wright participate in a fitness for duty evaluation?

4 Whether Costa was aware of Wright's expectancy of continuing employment with the Department?

5. Whether Costa maliciously or without justification interfered with Wright's expectancy of continued employment with the Department?

6. Whether Foster maliciously interfered with Wright's expectancy of continued employment with the Department?*

7. Whether Wright voluntarily resigned her employment with the Department or was instead effectively discharged?

8. The nature and extent of Wright's economic damages and whether they were proximately caused by the Defendants' conduct?

9. The nature and extent of Wright's compensatory damages and whether they were proximately caused by the Defendants' conduct?

10. Whether the conduct of any of the Defendants, other than the Department, warrants the assessment of punitive or exemplary damages?

---

\* With respect to paragraphs 6, 7 or 8, Wright submits that this issue is more correctly stated under applicable law as whether the Defendant either maliciously or unjustifiably interfered with Wright's expectancy of continued employment.

11. Whether Costa can be liable for more than economic damages?

12. Whether and the extent to which the Department considered Costa's recommendations concerning Wright?

13. Whether Costa was required to have a direct patient relationship or meet with Wright in order to justify his recommendation?

14. Whether Costa had enough clinical data to justify his recommendation regarding Wright?

15. Whether the fitness for duty evaluation the Department requested that Wright participate in was particularly intrusive, gratuitously humiliating, and without due process?

16. Whether Wright's collective bargaining agreement authorized the Department, through its administrators, to refer caseworkers to participate in fitness for duty evaluations under certain circumstances?

17. Whether Wright failed to mitigate her economic damages?

## **CONTESTED ISSUES OF LAW**

The following are the issues of law which are in dispute:

1. Whether the Department can satisfy its proof burden that its directive that Wright submit to a fitness for duty evaluation was job related and consistent with business necessity?

2. Whether under the circumstances Wright possessed a privacy interest under the Fourteenth Amendment to the Constitution protecting her against the fitness for duty evaluation directed by the Department?

3. Whether Wright had an expectancy in continued employment with the Department?

4. Whether Wright can satisfy her burden of proof that Costa's recommendation was malicious or unjustified?

5. Whether Dr. Costa's conduct was protected by privilege?

6. Whether Dr. Costa's conduct warrants the assessment of punitive or exemplary damages?

7. Whether Bullock and Foster are protected from individual liability by qualified immunity?[2]

8. Whether the Department requested that Wright participate in a fitness for duty evaluation to determine whether she had a disability or as to the nature or severity of the disability?

9. Whether Costa can maintain a defense that he is insulated from Wright's claims because of the existence of a privilege he has as a psychiatrist?

10. Whether under the circumstances in which Costa's letter of May 15, 2007 was authored, his conduct in writing the letter was privileged because of his status as a psychiatrist?

11. Whether, under Section 2-1115 of the "Code of Civil Procedure" [735 ILCS 5/2-1115], Wright can maintain a claim of punitive damages against Costa because he wrote the May 15, 2007 letter while he was the physician for CPL?

12. Whether the claims against Costa involve subject matter following outside the comprehension of any average juror?

13. Whether a claim for punitive damages is allowable in a case maintained under the theory of the tortious interference with an employment expectancy?

14. Whether Foster is shielded from liability with respect to Wright's state law claims under

---

[2] Wright submits that this issue has been previously decided by this Court and is, therefore, no longer a contested issue.

the doctrine of public official immunity?

15. Whether Foster is shielded from liability with respect to Wright's state law claims under the doctrine of absolute privilege?

## STIPULATED USE OF DEPOSITIONS

Each party reserves the right to offer into evidence any depositions or portions of depositions as to parties in the manner provided under Rule 32(a)(1) and (2) of the Federal Rules of Civil Procedure and as to non-party witnesses under Rule 32(a)(3) and (4) of the Federal Rules of Civil Procedure.

## WITNESSES

Appended to this Order as Exhibit B is the list of witnesses Wright intends to call at trial. Appended to this instrument as Exhibit C is the joint list of witnesses the Defendants intend to call at trial.

## JURY DEMAND

Wright has previously demanded that all the issues in this proceeding which may be properly tried to a jury be tried by jury. Because no waiver of that demand has been made, this proceeding shall be tried before a jury. The parties agree that there is no right to a jury trial on equitable issues including Wright's entitlement to front pay. Accordingly, those issues shall be tried to the Court. To the extent qualified immunity remains as an issue in this case it would be decided by the Court.

## EXHIBITS

Appended to this order as Exhibit D is the exhibit list of Wright. Appended to this instrument as Exhibit E is the Defendants' joint exhibit list. In addition to the attached Exhibits the parties reserve the right to offer into evidence the depositions taken in this case as well as the deposition exhibits.

## DAMAGES

Attached to this Order as Exhibit F is Wright's statement of damages she is claiming. The Defendants dispute her entitlement to those damages.

## PROPOSED JURY INSTRUCTIONS

The parties shall submit proposed jury instructions to the Court by May 30, 2012.

## GENERAL ADDITIONAL

Neither side shall present evidence through the use of expert witnesses. However, opinion testimony relating to or arising out of the treatment of CPL may be offered by Dr. Costa, Dr. Davidson, and Dr. Marideuna.

A party may supplement a list of witnesses or exhibits only upon good cause shown in a motion filed and served upon the other party prior to trial; except that, upon the development of testimony fairly shown to be unexpected, any party may, with leave of court, call such contrary witnesses or use such exhibits as may be necessary to counter the unexpected evidence, although not previously listed, and without prior notice of any other party.

It is mutually estimated that the length of trial will be seven (7) full days. This case is scheduled to begin trial on June 4, 2012.

The parties may submit trial briefs subject to briefing schedule to be established by the Court.

This pre-trial order may be modified at the trial of the action, or prior thereto, to prevent manifest injustice. Such modification may be made either on motion of counsel for any party or on the Court's own motion.

6/4/12
DATE

s/Michael M. Mihm
JUDGE

Approved as to form and substance:

MARGARET WRIGHT

By: s/James P. Baker
Her Attorney

James P. Baker
Bar Number: 0097802
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone: (217) 522-3445
Facsimile: (217) 522-8234
E-mail: bschrader2@gmail.com
(Pretrial/wrightmpretrialorderrevised 032112)

                MARY ELLEN BULLOCK, JILL FOSTER,
                PETE WESSEL, and THE ILLINOIS
                DEPARTMENT OF CHILDREN AND
                FAMILY SERVICES

                By: s/Matthew Hammer
                       Their Attorney

Matthew Hammer
Assistant Attorney General
500 South Second Street
Springfield, Illinois   62706

                PETRONILO COSTA, M.D.

                By: s/Kenneth D. Seale
                       His Attorney

Kenneth D. Seale
Cunningham, Meyer & Vedrine, P.C.
One East Wacker Drive, Suite 2200
Chicago, Illinois   60601